UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL ONE N.A., | No. 2:25-cv-2373 DJC AC PS |
| Plaintiff, | |
| v. | ORDER and |
| KEVIN J. REED, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

On August 20, 2025, the pro se defendant removed this case from Solano County Superior Court. ECF No. 1. Defendant has moved to proceed in forma pauperis. ECF No. 2. He filed the required affidavit, and the motion is accordingly GRANTED. However, it is apparent from the removal documents that this case was improperly removed to federal court and that this court lacks jurisdiction. Accordingly, it is recommended that this case be REMANDED back to the Solano County Superior Court. Further, it is recommended that defendant's two motions to dismiss (ECF No. 4 and 7) be DENIED as MOOT.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-

1    question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v.
2    Jackson, 587 U.S. 435, 437 (2019).  A case "arises under" federal law for jurisdictional purposes
3    either where federal law creates the cause of action or "where the vindication of a right under
4    state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v.
5    Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction
6    Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question
7    jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal
8    jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
9    pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

10       The notice of removal states that the case is removed pursuant to "28 U.S.C. §§ 1441,
11   1443, 1331, and 1343, which authorize the removal of state proceedings to this Court where
12   constitutional rights, treaty protections, and civil rights are at issue." ECF No. 1 at 2.  The
13   attached complaint, however, indicates that plaintiff is suing defendant to recover an unpaid loan
14   and is seeking $7,544.32 in damages.  ECF No. 1 at 11-14.  There is no federal cause of action
15   identified in the complaint, and accordingly, there is no federal question jurisdiction.  Plaintiff
16   seeks less than $75,000.00, and accordingly, there can be no diversity jurisdiction.

17       The statutes plaintiff cites do not provide a basis for jurisdiction: 28 U.S.C. §§ 1441
18   codifies removal jurisdiction, § 1443 codifies removal of civil rights cases, § 1331 codifies
19   federal question jurisdiction, and § 1343 codifies original jurisdiction for civil rights and elective
20   franchise.  None of these statutes alter the fact that federal jurisdiction is based on the claims
21   presented in the complaint, not on a defendant's potential defenses or legal arguments in response
22   to the complaint.[1]  Defendant has failed to demonstrate any basis for this court's jurisdiction, and

---

[1] Though defendant does not expressly state that he is a "sovereign citizen," the undersigned notes that his allegations, explanations, and exhibits include concepts and rhetoric commonly associated with sovereign citizen ideology.  Legal theories based on sovereign citizen ideology have been rejected by countless federal courts.  See, e.g., United States v. Ward, 182 F.3d 930, 1999 U.S. App. LEXIS 24217 at *2 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument") (collecting cases); United States v. Benabe, 654 F.3d 753, 761–67 (7th Cir. 2011) (discussing sovereign citizen arguments as "frivolous, irrational, or unintelligible," having (continued…)

the undersigned finds none.

It is ORDRED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is RECOMMENDED that defendant's motions to dismiss (ECF Nos. 4 and 7) be DENIED as moot and that this case be REMANDED to Solano County Superior Court and closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 28, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

no validity in country's legal system and recommending that they be "rejected summarily, however they are presented" and regardless of the individual's claimed status of descent, "be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being' ") (collecting cases).

3